IN THE UNIITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **FREDRIKA MORRISSETTE MILLER** and **GARY L. SAUER, JR.,** | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   Case No. 2:21-cv-122-WKW-CWB ) |
| **REO AMERICA,** | ) ) |
| Defendant. | ) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

Fredrika Morrissette Miller and Gary L. Sauer, Jr., appearing *pro se*, filed this action against REO America on February 10, 2021 (Doc. 1) and contemporaneously sought leave to proceed *in forma pauperis* (Docs. 2, 3, 9 & 10). Referral then was made to the Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." (Doc. 7). On March 29, 2021, *in forma pauperis* status was granted and service of process was deferred pending preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e). (Doc. 11). Having now conducted such review, the undersigned Magistrate Judge recommends that this action be dismissed with prejudice.

**I.      Legal Standard**

Section 1915(e) provides in pertinent part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is deemed malicious if it asserts claims that are "substantially identical" to those asserted in a previous action. *Pierson v. Shelton*,

1

No. 1:17-CV-708-MHT, 2007 WL 2710407, at *1 (M.D. Ala. Sep. 13, 2007) (citing *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1985) and *Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988)); *see also Mathis v. Hughes*, No. 1:08-CV-606-WHA, 2008 WL 3891514, at *1 (M.D. Ala. Aug. 20, 2008); *Hicks v. Copeland*, No. 2:07-CV-667-WHA, 2007 WL 2332721, at *1 (M.D. Ala. Aug. 13, 2007).

Although the court typically should permit a *pro se* litigant the opportunity to replead prior to entering a dismissal with prejudice, repleading is not required if amendment would be futile, *i.e.*, "where 'a more carefully drafted complaint [would not] state a claim.'" *See Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1133 (11th Cir. 2019) (quoting *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018).

**II.  Discussion**

This action is due to be dismissed because it alleges a "substantially identical" claim against REO America to that previously asserted by Plaintiffs in *Miller v. REO America*, No. 2:21-CV-70-WKW-CWB.[1] The claim in the previous action was stated as follows:

> Seeking only to keep the property detailed above intact and without change until which time the court cases can be heard.  I also wish to restrict any access to REO America from accessing my property at 3156 Cloverdale Rd Montgomery, Alabama 36106.

The claim now being asserted in this action similarly states:

> Seeking only to keep the property detailed above intact and without change until which time the court cases can be heard.  I also wish to restrict any access to REO America from accessing my property at 3156 Cloverdale Rd Montgomery, Alabama 36106 until after I have had a chance to have my cases heard and material

---

[1] Because Plaintiffs failed to satisfy the pleading requirements of Rules 8, 9, 10, and 11 of the Federal Rules of Civil Procedure, and because Plaintiffs failed to cure the deficiencies as directed, the Magistrate Judge recommended on December 12, 2022 that the prior action be dismissed without prejudice.  The Recommendation remains pending.

> samples taken at the discretion of the Plaintiff and the federal courts during the two cases listed.

(Doc. 1 at p. 3). The same pleading overlap appears on Plaintiffs' allegation of irreparable injury, which was described in the previous action as follows:

> If this property is destroyed or altered then the crimes that happened within its boundaries and surrounding areas in the cases listed on this injunction will be inadequately represented.

The corresponding allegation in the instant action is:

> If this property is destroyed or altered then I will be unable to extract physical evidence proving a high concentration of pesticides that were deliberately placed within the walls of our property causing the liver damage and subsequent death of my mother Ozell Miller at the hands of an outside landscaper using chemicals he was not licensed to use.

(Doc. 1 at p. 3). Although Plaintiffs have included certain additional details in their wording of this action, it ultimately is clear that they are advancing the same core argument on the same core facts as in the previous action.

Because this action asserts a substantially identical claim to that in another pending action, it must be deemed malicious for purposes of § 1915(e). *Pierson*, 2007 WL 2710407, at *1. Moreover, because any amendment under these circumstances would be futile, the court is not obligated to allow Plaintiffs an opportunity to replead. *See Silberman*, 927 F.3d at 1133 (quoting *Woldeab*, 885 F.3d 1291).

### III. Conclusion

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be dismissed with prejudice prior to service of process.

It is hereby ORDERED that objections to this Recommendation must be filed no later than January 10, 2023. An objecting party must identify the specific portion of the factual findings or

legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusory, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resol. Tr. Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 27th day of December 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**